

PENGAD-Bayonne, N.J.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 1:11cr50-03 (RWR) |
| | ) | |
| FELIPE MARTINEZ-GONZALEZ, | ) | |
| a/k/a "Felo," | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section of the

Criminal Division, United States Department of Justice (hereinafter referred to as the "United

States" or "Government") and FELIPE MARTINEZ-GONZALEZ, a/k/a "Felo" (hereinafter

referred to as the "Defendant"), enter into the following Plea Agreement (hereinafter referred to

as "Plea Agreement"):

1.      The Defendant knowingly and voluntarily agrees to plead guilty to the

Superseding Information which charges the Defendant with unlawfully, knowingly, wilfully, and

intentionally combining, conspiring, and agreeing with others known and unknown to commit an

offense against the United States, namely, conspiracy to distribute and possess with intent to

distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance, on board a vessel subject to the jurisdiction of the United States, in

violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b) and 21 U.S.C. §

960(b)(3).

2.      The Defendant agrees to the Joint Statement of Stipulated Facts signed by him

which is attached to this Plea Agreement and incorporated herein.

3.      The United States agrees to seek dismissal of the pending Indictment in Criminal

Case No. 1:11cr50-03 (RWR), as it relates to this Defendant, at sentencing.

4.       The Defendant understands that the crime to which the Defendant is pleading guilty carries a statutory maximum term of twenty (20) years imprisonment, a fine not to exceed $1,000,000, and a period of supervised release of at least three (3) years.  The Defendant also understands that he will not be able to withdraw his guilty plea if he believes the sentence the Court imposes is too harsh.

5.       The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph eight (8) of this Plea Agreement, a special assessment in the amount of $100 will be imposed.  The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6.       The Defendant understands that the Court will impose a sentence in accordance with the factors set forth in 18 U.S.C. § 3553(a).  Moreover, the Defendant understands that pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the federal courts are not bound by the Federal Sentencing Guidelines ("Sentencing Guidelines" and "Guidelines"), but must consult those Guidelines and take them into account when sentencing. The Defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory guideline range.  The Defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one (1) and that the Defendant may not withdraw the plea if his sentence is at or below the statutory maximum sentence.

7.       The United States promises to inform the Court and the Probation Office of all

facts pertinent to the sentencing process, including all relevant information concerning the

offenses committed, whether charged or not, as well as concerning the Defendant and the

Defendant's background.

8.     Although not binding on the Court, or U.S. Probation, the parties agree that the

Sentencing Guidelines calculation, based on the applicable law as of the date of this Plea

Agreement, is as follows:

a.     Under §§ 1B1.3 and 2D1.1(c)(1) of the Sentencing Guidelines, the

Defendant is accountable for distributing or possessing with intent to

distribute, or conspiring to distribute or possess with intent to distribute, or

it is reasonably foreseeable to him that members of the conspiracy

distributed or possessed with intent to distribute or conspired to distribute

or possess with intent to distribute, cocaine in the amount of one hundred

and fifty (150) kilograms or more and that, pursuant to § 2D1.1(c)(1) of

the Sentencing Guidelines, the base offense level without adjustments for

the crime to which the Defendant is pleading guilty is **38**.

b.     The parties agree that the Defendant's offense level of 38 should be

decreased by four (4) levels pursuant to U.S.S.G. § 2D1.1(a)(5)(A) and

(B)(iii), as a result of the Defendant's adjustment under U.S.S.G.

§ 3B1.2(b) (Mitigating Role).

c.     The parties agree that the Defendant should receive a two-level reduction

pursuant to Sentencing Guidelines § 2D1.1(b)(16) because the Defendant

meets the criteria set forth in subdivisions (1) through (5) of Sentencing

Guidelines § 5C1.2(a).

    d.    The parties agrees that the Defendant's conduct supports a mitigating role downward adjustment of two (2) levels under U.S.S.G. § 3B1.2(b), for being a minor participant in the criminal activity.

    e.    The parties agree that the Defendant may seek a downward departure or variance from the otherwise applicable guideline range established by the Sentencing Guidelines and the Court. However the Government will oppose any such arguments.

9.    The United States agrees that it will recommend at sentencing that the Court reduce by three (3) levels the sentencing guideline level applicable to the Defendant's offense pursuant to § 3E1.1 of the Sentencing Guidelines, based on the Defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this recommendation under § 3E1.1 if the Defendant:

    a.    fails or refuses to make full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; or

    b.    is found to have misrepresented facts to the Government prior to or after entering this Plea Agreement; or

    c.    commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10.     The United States and the Defendant believe the Defendant's criminal history is Category I.

11.     The United States and the Defendant therefore agree that pursuant to the application of the above-enumerated Sentencing Guidelines, including § 3E1.1(b), the Defendant's Total Offense Level would be 27 / Criminal History Category I or a Guidelines range of 70 to 87 months of incarceration.  If the Defendant complies with all the terms and conditions of this Plea Agreement, the Government agrees to seek a sentence at the low end of this Guidelines range.

12.     The Defendant agrees that he shall cooperate fully with the United States by:

      a.     providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other court proceeding;

      b.     appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States;

      c.     not revealing his cooperation, or any information derived therefrom, to any third party without prior consent of the Narcotic and Dangerous Drug Section;

      d.     understanding that the Defendant may not falsely implicate an innocent person in the commission of a crime, or exaggerate the involvement of any person in the commission of a crime in order to appear to be cooperative,

or falsely minimize the involvement of any person in the commission of a crime in order to protect that person;

e.   forfeiting to the United States his interest in any property in his possession or under his control that constitutes or is traceable to proceeds of his narcotics trafficking that lie within the jurisdiction of the United States or elsewhere. The Defendant agrees to enter into a consent order of forfeiture and to fully assist the Government in effectuating the surrender of the forfeited assets. The Defendant agrees not to file a claim or assist others to file a claim to any of the forfeited assets in any administrative or judicial proceeding. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of such assets, and waives all constitutional, legal and equitable defenses to the forfeiture of such assets.

f.   consenting to an adjournment of his sentencing until his cooperation has been completed, as determined by the United States, so that the Court will have the benefit of all relevant information before a sentence is imposed;

g.   understanding that the Defendant's cooperation with the United States is a continuing obligation, which continues beyond the date of his sentencing;

h.   acknowledging that any refusal by the Defendant to cooperate fully, truthfully, completely and forthrightly as directed by the Narcotic and Dangerous Drug Section with law enforcement authorities identified by the Narcotic and Dangerous Drug Section in any and all matters in which the Government deems his assistance relevant will constitute a breach of

this Plea Agreement by the Defendant, and will relieve the Government of its obligations under this Plea Agreement, including but not limited to its obligation to consider filing a substantial assistance motion pursuant to § 5K1.1 of the Federal Sentencing Guidelines, 18 U.S.C. § 3553(e), and/or Rule 35 of the Federal Rules of Criminal Procedure. The Defendant agrees, however, that such breach by him will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve him of his obligations under this Plea Agreement.

i.   understanding and acknowledging that nothing in this Plea Agreement allows the Defendant to commit any criminal violation of local, state, federal, international or foreign law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this Plea Agreement and will relieve the Government of all of its obligations under this Plea Agreement, including but not limited to its obligation to consider filing a substantial assistance motion pursuant to § 5K1.1 of the Federal Sentencing Guidelines, 18 U.S.C. § 3553(e), and/or Rule 35 of the Federal Rules of Criminal Procedure. However, the Defendant acknowledges and agrees that such a breach of this Plea Agreement will not entitle him to withdraw his plea of guilty or relieve him of his obligations under this Plea Agreement. The Defendant further

understands that, to establish a breach of this Plea Agreement, the

Government need only prove the Defendant's commission of a criminal

offense by a preponderance of the evidence.

13.     The Defendant agrees to forfeit and give to the United States prior to the date of

sentencing any right, title and interest which the Defendant may have in any asset, located within

the jurisdiction of the United States or elsewhere, including but not limited to cash assets,

negotiable instruments, securities, property or other things of value, including any and all

property which has been transferred or sold to or deposited with any third party, known or

unknown by the Defendant for a period of not less than 10 years prior to the date of the signing

of this Plea Agreement that were involved in, used in, intended for use in, or obtained through

narcotics violations, as well as any asset, interest, or proceeds Defendant received or could

receive or cause to be received by a third party in the future, directly or indirectly, in whole or in

part, from Defendant's illegal activities.  The Defendant further agrees to waive all interest in any

such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state

or federal.  The Defendant agrees to consent to the entry of orders of forfeiture for such property

and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding

notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing,

and incorporation of the forfeiture in the judgment.  The Defendant acknowledges that he

understands that the forfeiture of assets is part of the sentence that may be imposed in this case

and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal

Procedure 11(b)(1)(J), at the time his guilty plea is accepted.  The Defendant further agrees to

waive all constitutional and statutory challenges in any manner (including direct appeal, habeas

corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of illegal conduct.

14.     The Defendant further agrees to submit to interviews by United States and foreign law enforcement authorities, whenever and wherever requested by the United States, regarding his right, title, and interest in assets, or those transferred or sold to or deposited with any third party, as outlined within the preceding paragraph. It is also understood that the Defendant will fully cooperate in providing any and all financial information and documentation and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.

15.     The Defendant agrees that, pursuant to 18 U.S.C. § 3143, he shall remain detained without bond pending his sentencing in this case.

16.     In entering this plea of guilty, the Defendant understands and agrees to waive certain rights afforded to the Defendant by the Constitution of the United States and/or by statute, including the right to indictment, and the Defendant consents that the proceeding may be by Information rather than by Indictment.

17.     The Defendant acknowledges and understands that during the course of the cooperation outlined in this Plea Agreement the Defendant will be interviewed by law enforcement agents and/or Government attorneys and that he has the right to have defense counsel present during these interviews. After consultation with counsel, and with counsel's

9

concurrence, the Defendant knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point counsel or the Defendant desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and counsel or the Defendant can communicate that decision in writing to the Narcotic and Dangerous Drug Section, the Government will honor this request, and this change will have no effect on any other terms and conditions of this Plea Agreement.

18.     The Defendant acknowledges discussing with counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a Defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The Defendant knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, the Defendant understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this Plea Agreement will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn. Moreover, in the event his guilty plea is withdrawn, he agrees that the Government will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this Plea Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

19.     The United States reserves the right to evaluate the nature and extent of the Defendant's cooperation, and agrees to make that cooperation known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the United States, the Defendant's

cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure of the sentence recommended or advised by the Sentencing Guidelines or the Court's imposition of a sentence below the statutory mandatory minimum sentence, the United States will at or before sentencing make a motion pursuant to § 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), and/or file a Rule 35 motion subsequent to sentencing, reflecting that the Defendant has provided substantial assistance and recommending a sentence reduction. The Defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the United States to file such motions and the assessment made by the United States of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant. Moreover, even if the Government files a motion pursuant to § 5K1.1 of the Sentencing Guidelines, the Government reserves the right not to file a 18 U.S.C. § 3553(e) motion and nothing in this Plea Agreement obligates the Government to file a 18 U.S.C. § 3553(e) motion. Nothing in this Plea Agreement limits the right of the Defendant to advise the Court of the full nature and extent of his cooperation at the time of sentencing.

20.     The Defendant understands and acknowledges that the Court is under no obligation to grant a Government motion pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph nineteen (19), should the Government exercise its discretion to file such a motion(s).

21.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's

attorney, or the Government, is a prediction, not a promise, and is not binding on the Government or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

22.     The Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, including any period of supervised release, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. The Defendant further understands that in the event that he violates this Plea Agreement, the Government, at its option, may either move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the Defendant not subject to any of the limits set forth in this Plea Agreement, or to resentence the Defendant. The Defendant understands and agrees that in the event that this Plea Agreement is breached by the Defendant, and the Government elects to void the Plea Agreement and prosecute the Defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the Defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of such prosecutions.

23.     In the event that the Defendant is ever a witness at any trial or other judicial

proceeding or presents evidence through other witnesses, and his testimony or such evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by him pursuant to this Plea Agreement, the attorney for the United States may cross-examine the Defendant and other witnesses concerning any such prior statements or evidence. Evidence regarding such statements or information may also be introduced by the United States as rebuttal evidence.

24.    Nothing in this Plea Agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from the Defendant pursuant to this Plea Agreement to prosecute him for perjury, false statement, and/or obstruction of justice or any other offense committed by him during or after his cooperation with the United States.

25.    If, at any time during the Defendant's cooperation with the United States under this Plea Agreement, the United States determines that he has provided any information or evidence that is not truthful or complete, or if he does not provide assistance or testimony upon request, the obligations of the United States under this Plea Agreement may be terminated by the United States.

26.    The United States reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Probation Office or the Defendant.

27.    The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to

the Court that he is fully satisfied with the legal advice, guidance and representation he has

received from his attorney.

       28.     The Defendant is aware that 18 U.S.C. § 3742 affords the Defendant the right to

appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings

made by the United States in this Plea Agreement, the Defendant hereby waives all rights

conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order,

or to appeal the manner in which the sentence was imposed, including any challenges to the

constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum

permitted by statute or results from an upward departure from the guideline range established by

the Court at sentencing.  In addition to the waiver of any other right resulting from his Plea

Agreement, the Defendant specifically waives any right to appeal any claim that the Defendant

and his crimes were not subject to the jurisdiction of the United States.  The Defendant also

waives any right to have facts that determine his sentence under the Guidelines alleged in the

Superseding Information or found by a jury beyond a reasonable doubt.  The Defendant further

agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that

determine his sentence under the Guidelines.  The Defendant further agrees to waive his right to

appeal the finding of guilt.  The Defendant further understands that nothing in this Plea

Agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C.

§ 3742(b).  However, if the United States appeals the Defendant's sentence pursuant to §

3742(b), the Defendant shall be released from the above waiver of appellate rights.  By signing

this Plea Agreement, the Defendant and counsel for the Defendant acknowledge that they have

discussed the appeal waiver with each other and that defense counsel, along with the prosecutor,

will request that the district court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the sentence imposed and his waiver of his right to appeal the finding of guilt, as set forth in this Plea Agreement.

29.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty.  Indeed, because the Defendant is pleading guilty to a drug trafficking offense, removal is presumptively mandatory.  Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status.  The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

30.     This Plea Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice.  It does not bind any other office or agency of the United States Government or United States Attorney's Office.  These offices and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

//

//

//

31.     There are no other agreements, promises, understandings or undertakings between the Defendant and the Government.  The Defendant understands and acknowledges that there can be no valid addition or alteration to this Plea Agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.


ARTHUR G. WYATT
CHIEF, NARCOTIC & DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE


Date: 5/14/13                    By:  _____
                                      Meredith A. Mills
                                      Paul W. Laymon
                                      Trial Attorneys


Approved by:

Date: 5/14/2013                  By:  _____
                                      Jerold P. McMillen
                                      Deputy Chief, Litigation

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement with the assistance of a federally-certified English-Spanish court interpreter, and have discussed it at length with my attorney, Assistant Federal Public Defender Lara G. Quint, with the assistance of a federally-certified English-Spanish court interpreter. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one (1). This Plea Agreement has been translated into Spanish for me. I understand that the English version controls.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

_Felipe Martinez Gonzalez_                    _05-17-13_
FELIPE MARTINEZ-GONZALEZ, a/k/a "Felo"        Date
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, through a federally-certified English-Spanish court interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant, through a federally-certified English-Spanish court interpreter. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_[signature]_                                  _5/17/13_
Lara G. Quint, Assistant Federal Public Defender   Date
Attorney for Defendant

17